UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Joshua K. Atchison, <br><br> Plaintiff, <br><br> v. <br><br> Hiway Federal Credit Union, Peterson, Fram & Bergman, P.A., and Daniel M. Duffek, an individual, <br><br> Defendants. | **COMPLAINT** <br><br> **WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 15 U.S.C. § 1681p.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

## PARTIES

4.  Plaintiff Joshua K. Atchison (hereinafter "Plaintiff") is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

5. Defendant Hiway Federal Credit Union (hereinafter "Defendant HFCU" or "HFCU") is a credit union organized under the laws of the State of Minnesota, Minn. Stat. § 52. Defendant HFCU is headquartered at 111 Empire Drive, Saint Paul, Minnesota 55103. Defendant HFCU is a "person" as defined by 15 U.S.C. § 1681a(b).

6. Defendant Peterson, Fram & Bergman, P.A. (hereinafter "Defendant Peterson Firm" or "Peterson Firm") is a professional association of attorneys organized under the laws of the State of Minnesota, Minn. Stat. § 302A. Defendant Peterson firm does business from an address of 55 E Fifth Street, Suite 800, Saint Paul, Minnesota 55101. Peterson Firm is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the instrumentalities of interstate commerce to attempt to collect alleged consumer debts.

7. Defendant Daniel M. Duffek (hereinafter "Defendant Duffek" or Duffek") is a natural person and an employee and agent of Defendant Peterson Firm. On information and belief, Defendant Duffek resides in the State of Minnesota. Defendant Duffek is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because he regularly uses the instrumentalities of interstate commerce to attempt to collect alleged consumer debts.

## FACTUAL ALLEGATIONS

8. Sometime prior to February 4, 2008, Plaintiff borrowed money (hereinafter the "Account") from Defendant HFCU for personal, family, and household purposes, creating a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime after Plaintiff borrowed money from Defendant HFCU, but prior to February 4, 2008, Defendant HFCU hired Defendant Peterson Firm to attempt to collect the Account.

10. On February 4, 2008, Defendant Peterson Firm issued a Summons and Complaint on behalf of Defendant HFCU seeking judgment against Plaintiff for alleged non-payment of the Account.

11. Defendant Peterson Firm filed the lawsuit against Plaintiff in the Second Judicial District of Minnesota, Ramsey County.

12. The case was assigned number 62-cv-08-5438.

13. On August 6, 2008, Defendant HFCU obtained a judgment against Plaintiff for $7,557.10.

14. In early 2011, Defendant HFCU sent Plaintiff a 1099-C "Cancellation of Debt" form extinguishing Plaintiff's personal liability for the Account as of December 31, 2010.

15. On or around April 15, 2011, Plaintiff paid income tax to the Internal Revenue Service (IRS) for the canceled Account.

16. On or around April 15, 2012, Plaintiff applied for a mortgage with non-party Gibraltar Mortgage Services (hereinafter "Gibraltar").

17. Gibraltar denied Plaintiff's application, citing the unpaid Account reported by Defendant HFCU to the Credit Reporting Agencies (CRAs).

18. After being denied credit by Gibraltar, Plaintiff contacted Defendant HFCU to dispute HFCU's inaccurate reporting to the CRAs.

19. Plaintiff reminded Defendant HFCU that there was no balance due because the Account had been canceled on December 31, 2010.

20. Defendant HFCU advised Plaintiff that he needed to call Defendant Peterson Firm about his concerns.

21. Defendant HFCU had on obligation pursuant to 15 U.S.C. § 1692s-2(a)(2) to investigate Plaintiffs dispute to ensure that its credit reporting about Plaintiff was complete and accurate. Defendant HFCU failed in this duty.

22. Heeding Defendant HFCU's instruction, Plaintiff called the offices of Defendant Peterson Firm on or about May 5, 2012 and spoke to Defendant Duffek.

23. Plaintiff explained to Defendant Duffek that the Account was being misreported as having a balance due.

24. Plaintiff explained to Defendant Duffek that the Account was canceled by Defendant HFCU on December 31, 2010 and that no balance was due.

25. Defendant Duffek falsely represented to Plaintiff that the full judgment amount of $7,557.10 was due and owing. Defendant Duffek's misrepresentation violated 15 U.S.C. § 1692e(2)(A).

26. Defendant Duffek advised Plaintiff that he could make payments on the cancelled Debt in full and he would be issued a new 1099-C for the difference between the remaining balance, which would obligate Plaintiff to pay income taxes on the cancelled debt for a second time. Defendant Duffek's misrepresentation violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692e and 1692f.

27. Defendant Duffek advised Plaintiff that if he did not pay his wages would be garnished. Defendant Duffek's misrepresentation violated 15 U.S.C. § 1692e(5).

28. Thereafter, Plaintiff decided to try a different approach and employed the 15 U.S.C. § 1681i dispute process by writing to the CRAs directly on or about May 18, 2012.

29. Plaintiff sent disputes to the Experian and CSC Credit Services.

30. Plaintiff's disputes explained that the Account was being misreported as having a balance due when the Account had in fact been cancelled by Defendant HFCU as of December 31, 2010.

31. Plaintiff's disputes explained that Plaintiff had already paid income tax in 2011 on the cancelled Account.

32. Plaintiff's disputes included a copy of the 1099-C form stating that the Account was cancelled by Defendant HFCU as of December 31, 2010.

33. After receiving Plaintiff's dispute, Experian forwarded a copy of Plaintiff's dispute to Defendant HFCU for investigation.

34. In response to Plaintiff's dispute, Defendant HFCU advised Experian that the Account should be reported inaccurately as having had a balance of $6058 from January 2011 through April 2012.

35. Defendant HFCU advised Experian that the Account should be reported inaccurately as having been charged-off in May of 2012.

36. After receiving Plaintiff's dispute, CSC Credit Services forwarded a copy of Plaintiff's dispute to Defendant HFCU for investigation.

37. In response to Plaintiff's dispute, Defendant HFCU advised CSC Credit Services that the Account should be reported inaccurately as having a "Balance Amount" of $6058.

38. Defendant HFCU failed to advise Experian or CSC Credit Services that Plaintiff's liability for the Account was cancelled on December 31, 2010 or that Plaintiff disputed the reporting of HFCU's account.

39. Defendant HFCU failed to advise Experian or CSC Credit Services that Plaintiff claimed the cancelled Account as income and paid taxes on it in 2011.

40. Defendant HFCU failed to conduct a reasonable investigation of Plaintiff's disputes and failed to completely and accurately update its credit reporting about Plaintiff. Defendant's HFCU's failures violated 15 U.S.C. § 1681s-2(b).

41. Defendant HFCU's failures have caused ongoing damage to Plaintiff's credit rating, restricting Plaintiff's access to credit, and causing Plaintiff to pay higher interest rates for the credit available.

42. Defendant HFCU's failures have caused Plaintiff great frustration, humiliation, and mental anguish, recoverable as actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).

43. Defendant HFCU's utter failure to factor its cancellation of the Account into its credit reporting scheme demonstrates a willful disregard of its statutory duties under the FCRA. Defendant HFCU's willful disregard of its duties necessitates an award of statutory and punitive damages pursuant 15 U.S.C. § 1681n(a).

44. On June 15, 2012, Defendant Duffek sent Plaintiff a Demand for Disclosure pursuant to Minn. Stat. § 550.01 in order to force Plaintiff, under penalty of civil contempt and imprisonment, to disclose his assets so that Defendants Duffek and PFB could execute the ineffective judgment for the canceled Account. Defendants Duffek and PFB's issuance of the Demand and Disclosure for the cancelled Account violated 15 U.S.C. §§ 1692e(4) and 1692e(5).

45. As a result of Defendant Duffek's unlawful issuance of the Demand for Disclosure and numerous other misrepresentations regarding Plaintiff's personal liability for the Account, Plaintiff has suffered out-of-pocket damages, fear, anxiety, and emotional distress, constituting actual damages.

46. To date, Defendants have taken no steps to vacate the judgment for the canceled Account.

47. To date, Defendants are still pursuing Plaintiff for the full judgment obtained in 2008 of $7,557.10.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT— 15 U.S.C. § 1692 *et seq.*—AGAINST DEFENDANT DUFFEK**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant Duffek constitute numerous and multiple violations of the FDCPA, including but not limited to each of the provisions cited above.

51. As a result of Defendant Duffek's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial.

52. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), Plaintiff is entitled to recover statutory damages in the amount of $1,000.00 against Defendant Duffek.

53. Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to recover attorney's fees and costs.

## COUNT II.

### RESPONDEAT SUPERIOR AGAINST DEFENDANT PFB

54. Defendant Duffek's unlawful debt collection practices occurred within the scope of his employment with Defendant PFB as an attorney-debt collector.

55. Defendant PFB had a right to control the manner and means by which Defendant Duffek attempted to collect consumer debts.

56. Defendant PFB provided various tools to Defendant Duffek for collecting consumer debts, including a telephone and access to standard form pleadings to be used in state court collection activities.

57. Defendant Duffek violated the FDCPA in carrying out his work for Defendant PFB.

58. Defendant PFB is liable to Plaintiff to the full extent of Defendant Duffek's liability to Plaintiff under the FDCPA.

## COUNT III.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT—
### 15 U.S.C. § 1681 *et seq.*—AGAINST DEFENDANT HFCU

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant HFCU constitute numerous and multiple violations of the FCRA, including but not limited to each and every one of the several provisions cited above.

61. As a result of Defendant HFCU's violations of the FCRA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) in an amount to be determined at trial.

62. Defendant HFCU's failure to comply with the FCRA was willful as defined by 15 U.S.C. § 1681n(a) and *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007).

63. Pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 1681n(a)(2), Plaintiff is entitled to recover statutory and punitive damages against Defendant HFCU in the amount to be determined at trial.

64. Pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), Plaintiff is entitled to recover attorney's fees and costs.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- Pursuant to 15 U.S.C. § 1692k(a)(1), awarding Plaintiff actual damages caused by Defendant Duffek's violations of the FDCPA;

- Pursuant to 15 U.S.C. §1692k(a)(2)(A), awarding Plaintiff statutory damages of $1,000.00 for Defendant Duffek's violations of the FDCPA;

- Ordering that Defendant PFB is jointly and severally liable to Plaintiff with Defendant Duffek under respondeat superior for damages caused by Defendant Duffek's violations of the FDCPA;

- Awarding Plaintiff's costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- Pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), awarding Plaintiff actual damages caused by Defendant HFCU's violations of the FCRA;

- Pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681n(a)(2), awarding Plaintiff statutory and punitive damages in an amount to be determined at trial;

- Awarding Plaintiff's costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

- Ordering such other and further relief as may be just and proper.

Dated this 29th day of August, 2012.         Respectfully submitted,


                                        By: s/Thomas J. Lyons Jr._____
                                        **CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons Jr., Esq.
Attorney I.D. #249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

ATTORNEY FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF MINNESOTA** )
) **ss**
**COUNTY OF  RAMSEY**         )

I, Joshua K. Atchison, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Joshua Atchison_____
Joshua K. Atchison

Subscribed and sworn to before me
this 23rd day of August, 2012


s/Thomas J. Lyon_____
Notary Public