UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Joshua K. Atchison, | ) | Civil Case No.: 12-CV-2143-DWF/FLN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **SEPARATE ANSWER OF DEFENDANT** |
| Hiway Federal Credit Union, | ) | **HIWAY FEDERAL CREDIT UNION** |
| Peterson, Fram & Bergman, P.A., | ) | |
| and Daniel Duffek, an individual | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Hiway Federal Credit Union ("Hiway"), for its Answer to Plaintiff's Complaint, states and alleges as follows:

1.  Answering Defendant denies each and every matter, allegation, and thing asserted in Plaintiff's Complaint, unless herein after admitted, explained, or otherwise.

## INTRODUCTION

2.  Answering Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## JURSIDICTION AND VENUE

3.  Answering Defendant admits the allegations in Paragraphs 2 and 3 of Plaintiff's Complaint.

## PARTIES

4.  Answering Defendant admits, upon information and belief, the allegations contained in Paragraphs 4 and 6 of Plaintiff's Complaint.

5.  Answering Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Answering Defendant is without sufficient knowledge or information at this time to form a belief as to the truth or veracity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

7. Answering Defendant admits the allegations contained in Paragraphs 8 through 13, 20 and 46 of Plaintiff's Complaint.

8. Answering Defendant is without sufficient knowledge or information at this time to form a belief as to the truth or veracity of the allegations contained in Paragraphs 15 through 17, 28 through 33, and 42 of Plaintiff's Complaint, and therefore denies the same.

9. With respect to the allegations contained in Paragraphs 22 through 27 and 44 through 45 of Plaintiff's Complaint, answering Defendant asserts no responsive pleading is required to these allegations. To the extent a response is expected or otherwise appropriate, answering Defendant states it is without sufficient knowledge or information to admit or deny the allegations therein, and therefore denies the same.

10. Answering Defendant admits that it sent Plaintiff a 1099-C "Cancellation of Debt" form, but denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

11. Answering Defendant admits that Plaintiff contacted Hiway after being denied credit by a mortgagor, but denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

12. Answering Defendant denies the allegations in Paragraphs 21, 34 through 35, 37 through 40, 41 and 43 of Plaintiff's Complaint.

13. Answering Defendant is without sufficient knowledge or information at this time to form a belief as to the truth or veracity of Plaintiff's allegations regarding his purported

damages, if any, and therefore denies the allegations in Paragraph 42 of Plaintiff's Complaint, and puts Plaintiff to his strict burden of proof thereof.

14. Answering Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint, and asserts that no responsive pleading is required to the remainder of the allegations in this paragraph of Plaintiff's Complaint.

## TRIAL BY JURY

15. Answering Defendant affirmatively states and alleges that the allegations contained in Paragraph 48 of Plaintiff's Complaint constitute conclusions of law to which no response is required. However, to the extent a response is expected or otherwise appropriate, answering Defendant does not object to Plaintiff's demand for a trial by jury.

## CAUSES OF ACTION

16. Answering Defendant affirmatively states and alleges that no responsive pleading is required with respect to the allegations in Counts I and II of Plaintiff's Complaint. However, to the extent a response is expected or otherwise appropriate, answering Defendant denies the same.

17. Answering Defendant affirmatively states and alleges that no responsive pleading is required with respect to the allegations in Paragraph 59 of Plaintiff's Complaint. However, to the extent a response is expected or otherwise appropriate, answering Defendant denies the same.

18. Answering Defendant denies the allegations in Paragraphs 60 through 64 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

19. Answering Defendant states as an affirmative defense that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

20.  Answering Defendant states as an affirmative defense that Plaintiff's purported damages, if any, were the result of his own acts or omissions or the acts or omissions of other parties named and unnamed in this action, for which this answering Defendant bears no responsibility.

21.  Answering Defendant states as an affirmative defense that any alleged conduct or omission by answering Defendant was not the cause in fact or proximate cause of any purported injury alleged by Plaintiff.

22.  Answering Defendant states as an affirmative defense any recovery must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to the alleged damages, if any.

23.  Answering Defendant states as an affirmative defense that Plaintiff has failed to mitigate his purported damages.

24.  Answering Defendant reserves to the right to raise such additional defenses as may be appropriate upon further investigation and discovery.

WHEREFORE, this answering Defendant prays Plaintiff takes nothing by his pretended claim for relief herein; and that this answering Defendant be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice, together with its costs and disbursements herein.

Dated this 14th day of September.

/S/
Laura L. Myslis #168932
GISLASON & HUNTER LLP
Attorneys for Hiway Federal Credit Union
701 Xenia Avenue South, Suite 500
Minneapolis, MN 55416
Phone: (763) 225-6000
Fax: (763) 225-6099

1242945.1

<u>AFFIDAVIT OF SERVICE</u>

STATE OF MINNESOTA )
                                            ) ss.
COUNTY OF HENNEPIN )

  Donna Bazoff of the City of Mounds View, County of Ramsey in the State of Minnesota, being duly sworn, says that on the 14th day of September, she served the annexed **Separate Answer of Defendant Hiway Federal Credit Union** upon:

Thomas J. Lyons, Jr., Esq.
367 Commerce Court
Vadnais Heights, MN 55127

Warren E. Peterson
Peterson, Fram & Bergman, P.A.
55 East Fifth Street, Suite 800
St. Paul, MN 55101

Daniel M. Duffek
c/o Peterson, Fram & Bergman, P.A.
55 East Fifth Street, Suite 800
St. Paul, MN 55101

parties in this action, by mailing to them a copy thereof, enclosed in an envelope, postage prepaid, and by arranging for the deposit of the same in the post office at Minneapolis, Minnesota, directed to said attorneys at their last known addresses.

22410-037
Atchison v. Hiway        /S/
                Donna Bazoff

Subscribed and sworn to before me

this 14th day of September, 2012.


  Sandra J. Langsdorf
Notary Public

1243346.1