**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Joshua K. Atchison,                                        Civil No. 12-2143 (DWF/FLN)

        Plaintiff,

v.                                                                      **MEMORANDUM
                                                                        OPINION AND ORDER**

Hiway Federal Credit Union;
Peterson, Fram, & Bergman, P.A.;
and Daniel M. Duffek,

        Defendants.

---

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiff.

Allison M. Lange Garrison, Esq., and Laura L. Myslis, Esq., counsel for Defendant Hiway Federal Credit Union.

Michael A. Klutho, Esq., and Daniel R. Olson, Esq., Bassford Remele, PA, counsel for Defendants Peterson, Fram, & Bergman, P.A. and Daniel M. Duffek.

---

**INTRODUCTION**

This matter is before the Court on a Motion to Dismiss brought by Defendants Peterson, Fram, & Bergman, P.A. (the "Peterson law firm") and Daniel M. Duffek ("Duffek") (together, "Law Firm Defendants") (Doc. No. 30), and a Motion for Judgment on the Pleadings brought by Defendant Hiway Federal Credit Union ("HFCU") (Doc. No. 34). For the reasons set forth below, the Court denies both motions.

## BACKGROUND

Plaintiff Joshua Atchison ("Plaintiff") incurred a consumer debt to the HFCU sometime prior to February 4, 2008. (Doc. No. 26, Am. Compl. ¶ 8.) The HFCU hired the Peterson law firm to collect the debt in Minnesota State District Court. (*Id.* ¶¶ 9-11.) On August 6, 2008, the HFCU obtained a judgment in the amount of $7,557.10 against Plaintiff for the debt. (*Id.* ¶ 13.) The HFCU tried to collect on its judgment against Plaintiff for more than two years, and eventually "charged off" the account as inactive. (*Id.* ¶¶ 13, 14, 59.) The HFCU filed a Form 1099-C with the IRS. (*Id.* ¶ 14.) In early 2011, the HFCU forwarded a copy of the Form 1099-C to Plaintiff. (*Id.* ¶ 14, Ex. 1.) The Form 1099-C contained the heading "Cancellation of Debt," along with instructions and warnings related to Plaintiff's obligation to claim the cancelled debt as income. (*Id.*)

On or around April 14, 2012, Plaintiff applied for and was denied a mortgage. (*Id.* ¶ 31.) The basis for the denial was an item on Plaintiff's credit report showing a balance due to the HFCU. (*Id.* ¶ 32.) Plaintiff disputed the credit report, claiming that the debt owed to the HFCU had been cancelled by the Form 1099-C. (*Id.* ¶¶ 33, 34.) The HFCU directed Plaintiff to the Peterson law firm. (*Id.* ¶ 35.) Plaintiff contacted the Peterson law firm and spoke to Duffek. (*Id.* ¶ 36.) Plaintiff explained to Duffek his belief that the debt had been cancelled. (*Id.* ¶¶ 37, 38.) Duffek informed Plaintiff that the full judgment amount of $7,557.10 remained due and owing, that Plaintiff could make payments on the outstanding debt, and that a corrected Form 1099-C would be issued to reflect any amount repaid. (*Id.* ¶¶ 40-41.) Duffek also informed Plaintiff that his wages could be garnished if he continued to fail to repay the debt. (*Id.* ¶ 49.) In June 2012,

Duffek sent Plaintiff a Demand for Disclosure in an effort to execute on the judgment. (*Id.* ¶ 74.) Plaintiff has not made any payments towards the debt.

Plaintiff also disputed the HFCU's reporting to the consumer reporting agencies ("CRAs"), Experian, CSC Credit Services, and TransUnion. (*Id.* ¶¶ 50-54.) Plaintiff alleges that after receiving those disputes, the CRAs forwarded copies to the HFCU for investigation. (*Id.* ¶¶ 55, 62, 68.) Plaintiff alleges that in response, the HFCU advised Experian and TransUnion that the account should be reported as having a zero balance with no amounts due and owing (*id.* ¶¶ 56, 69), but that the HFCU advised CSC Credit Services that the account should be reported as having a balance of $6,058 (*id.* ¶ 65). On June 15, 2012, the HFCU filed two reports with Equifax, in which the HFCU reported a balance on Plaintiff's debt as $6,058, and indicating an "Original Charge-Off Amount" of $13,848. (Doc. No. 36, Garrison Aff. ¶¶ III, IV, Exs. 1, 2.)

Plaintiff filed this action, asserting the following causes of action: (1) violations of the Fair Debt Collection Practices Act ("FDCPA") against Duffek; (2) Respondeat Superior liability against the Peterson law firm; and (3) violations of the Fair Credit Reporting Act ("FCRA") against the HFCU. Law Firm Defendants move to dismiss, and the HFCU moves for judgment on the pleadings.

## DISCUSSION

### I. Legal Standard

A court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Rule 12(b)(6). *See Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court

assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

In support of its motion, the HFCU submits two reports sent to Equifax. (Garrison Aff. ¶¶ III, IV, Exs. 1, 2.) The HFCU submits that its motion should, therefore, be treated as a motion for summary judgment. Federal Rule of Civil Procedure 12(d) provides that

4

"[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Plaintiff's FDCPA and FCRA Claims

Plaintiff alleges that the Law Firm Defendants violated section 1692e(2)(A) of the FDCPA by misstating the status of his debt.  Plaintiff also alleges that the HFCU violated the FCRA by inaccurately reporting to a CRA that his debt remains unpaid and outstanding.[1]

Section 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . [t]he false representation of . . . the character, amount, or legal status of any debt . . . .

15 U.S.C. § 1692e(2)(A).  In addition, the FCRA prohibits any person from furnishing inaccurate consumer information to any CRA.  15 U.S.C. § 1681s-2(a)(1)(B).

At the heart of this action is Plaintiff's claim that the HFCU discharged his personal debt.  Plaintiff alleges that, because the debt was discharged, Law Firm Defendants violated section 1692e(2)(A) by representing to Plaintiff that the full balance was due, and the HFCU violated the FCRA by reporting to a CRA that his debt remains unpaid.  Law Firm Defendants argue that Plaintiff fails to state a claim because a Form 1099-C does not discharge a debt, Plaintiff's debt remains outstanding, and Law Firm Defendants did not violate the FDCPA by informing him that he still owes the debt. Similarly, the HFCU asserts that it did not cancel or extinguish Plaintiff's debt by filing

---

[1]     For the purposes of the present motion, there is no dispute that the HFCU debt falls within the ambit of the FDCPA, or that the Law Firm Defendants are a "debt collector" under the FDCPA.

the Form 1099-C, and therefore Plaintiff cannot demonstrate that he is entitled to relief under the FCRA.

The issuance of a Form 1099-C does not, alone, operate to extinguish a debt. In an Information Letter dated December 30, 2005, the IRS explained: "The Internal Revenue Service does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection." *See I.R.S. Info.* 2005-0207, 2005 WL 3561135 (Dec. 30, 2005) ("*IRS Letter*"). The parties have not cited, and the Court has not discovered, any case in this circuit applying the principles contained in the IRS letter to a particular case. However, cases in other jurisdictions have followed its reasoning and concluded that a Form 1099-C does not legally extinguish or cancel a debt. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Cashion*, Civil No. 11-72, 2012 WL 1098619, at *7 (W.D. N.C. Apr. 2, 2012) ("[A] Form 1099-C does not itself operate to legally discharge a debtor's liability."); *Capital One, N.A. v. Massey*, Civ. No. 10-1707, 2011 WL 3299934, at *3 (S.D. Tex. August 1, 2011) (holding that a 1099-C does not discharge a debtor from liability, and therefore "the fact that Plaintiff issued a 1099-C in relation to the Borrower's indebtedness is irrelevant and does not raise a genuine issue of material fact"); *U.S. v. Reed*, Civ. No. 09-210, 2010 WL 3656001, at *2-3 (E.D. Tenn. Sept. 14, 2010); *In re Zilka,* 407 B.R. 684, 689.

Without disputing that the issuance of the Form 1099-C, alone, does not operate to extinguish Plaintiff's debt, Plaintiff argues that while the IRS requires creditors to issue a Form 1099-C in certain circumstances even if the creditor does not intend to discharge the personal liability of the debtor, a creditor's discharge of a debt is one reason a creditor

7

must file a Form 1099-C.  *See* 26 C.F.R. § 1.6050P-1(b)(2)(i)(G).  Plaintiff also argues that he has alleged facts sufficient to plausibly demonstrate that the HFCU discharged Plaintiff's debt.  For example, Plaintiff alleges that after he sent disputes to two consumer reporting agencies, those agencies forwarded a copy of the dispute to the HFCU, and that the HFCU responded by advising those two agencies that the account should be reported as having a zero balance with no amounts due and owing.  (Am. Compl. ¶¶ 55-57; 60-70; Doc. No. 43, Lyons Decl. ¶ 4, Ex. 3 (noting account was paid in full and "was a Charge-off").)  Plaintiff claims that this is inconsistent with the fact that the HFCU advised a third CRA that the account should be reported as having a balance of $6,058. (Am. Compl. ¶ 65.)  Plaintiff further alleges that neither the HFCU nor Law Firm Defendants attempted to collect the debt after the issuance of the Form 1099-C.  (*Id.* ¶ 29.)

     Defendants dispute the veracity, and legal consequence, of these factual allegations.  For example, they dispute that they did not attempt to collect the debt after the issuance of the Form 1099-C.  In addition, the HFCU asserts that Plaintiff's allegations about the HFCU's reports to the CRAs are unsupported and maintains that Plaintiff's allegations that the HFCU reported a "zero balance" to two CRAs do not support his FCRA claim.  Instead, the HFCU submits reports it made to Equifax on June 15, 2012, indicating a balance of $6,058 on Plaintiff's account and that the debt has been "charged off."  (Garrison Aff. ¶¶ III, IV, Exs. 1, 2.)  The HFCU submits that a "charge-off" indicates that a creditor has determined that a payment of the debt is unlikely, but does not relieve a debtor of liability.

While it is clear from the text of the IRS letter and case law cited above that a Form 1099-C does not operate alone to legally discharge a debtor from liability, the Court concludes that Plaintiff's assertion that the HFCU otherwise intended to extinguish Plaintiff's debt merits additional discovery at this early stage of litigation. Despite this ruling, the Court notes that it seems unlikely that Plaintiff's claim will survive a motion for summary judgment, particularly in light of the law cited above and the current evidence before the Court. Even so, considering the early stage of this litigation, and the fact that Plaintiff's Amended Complaint pleads plausible causes of action, Plaintiff is entitled to conduct discovery under Rule 56(d). The Court will entertain a future motion for summary judgment after discovery on the issues raised in the present motions.[2]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Law Firm Defendants' Motion to Dismiss (Doc. No. [30]) is **DENIED**.

2. The HFCU's Motion for Judgment on the Pleadings (Doc. No. [34]) is **DENIED**.

Dated: March 20, 2013
                                                     s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge

---

[2] Plaintiff also asserts that Law Firm Defendants violated the FDCPA by representing that it could correct a previously filed Form 1099-C, and that Plaintiff's attempt to evade a final judgment violates the *Rooker-Feldman* doctrine. The Court will consider both of these arguments in a future motion for summary judgment.